**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CENTRAL STATES, SOUTHEAST AND** ) | |
| **SOUTHWEST AREAS PENSION FUND** ) | |
| **and HOWARD McDOUGALL, trustee,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **No. 07-CV-5630** |
| **v.** ) | |
| ) | **HONORABLE DAVID H. COAR** |
| **S & H TRUCKING, INC., an Indiana** ) | |
| **corporation,** ) | |
| ) | |
| **Defendant.** ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Central States

Fund") and Howard McDougall, trustee ("McDougall") (collectively "Plaintiffs") brought this

action against Defendant S & H Trucking, Inc. ("S&H" or "Defendant"), for employer

contributions owed pursuant to the Employee Retirement Income Security Act of 1974

("ERISA"). Now before this Court is Defendant's motion to dismiss based upon Plaintiffs'

alleged failure to join indispensable parties (Docket No. 17). For the reasons stated below,

Defendant's motion is DENIED.

**1.     FACTS[1]**

The Central States Fund is a multiemployer employee benefit plan under ERISA. It is

primarily funded by contributions from participating employers pursuant to negotiated collective

---

[1]These facts are derived from Plaintiffs' complaint and, for the purposes of this motion,
are assumed to be true. See *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 479 (7th
Cir. 2001).

bargaining agreements ("CBAs") with local unions which are affiliated with the International Brotherhood of Teamsters. Pursuant to a pension plan, principal and income from contributions and investments to the Central States Fund is held and used to provide benefits to participants and related beneficiaries, and pay for necessary administrative expenses. Plaintiff McDougall is presently a trustee of the Central States Fund.

Defendant S&H agreed to be bound by a CBA entered into with Teamsters Joint Council No. 69 ("Joint Council 69") and a bargaining association known as Indiana Constructors, Inc. ("ICI") ("1994-2004 CBA"). The 1994-2004 CBA established initial effective dates of April 1, 1999 through March 31, 2004, with automatic yearly extensions absent termination or modification. This CBA required named employers to contribute to the Central States Fund on behalf of covered employees.

S&H agreed to be bound by another CBA entered into with the Joint Council and ICI, effective April 1, 2004 through March 31, 2009. ("2004-2009 CBA"). It also required employers to make contributions to Central States Fund on behalf of covered employees.

S&H agreed to be bound by the Central States Fund's Trust Agreement ("Central State Trust Agreement"), which required it to "make continuing and prompt payments to the [Pension] Fund as required by the applicable collective bargaining agreements." Compl. ¶ 10. However, S&H has not made any contributions to the Fund as required by the CBAs and the Trust Agreement.

Defendant S&H maintains that all contribution demands against S&H were superseded by Miscellaneous Addenda and related documents entered into with Local Union 135 of the International Brotherhood of Teamsters ("Teamsters Local 135") and the Indiana Teamsters

Pension Fund ("Indiana Teamsters Fund"). According to Defendant, these documents shifted the S&H pension obligations now in contention from the Central States Fund to the Indiana Teamsters Fund. According to Defendant, it has made all necessary payments.

On October 4, 2007, Plaintiffs filed a complaint in this Court, alleging that S&H failed to contribute to the Central States Fund as required by the CBAs and the Trust Agreement, pursuant to 29 U.S.C. §§ 1145, 1132(g)(2).

## 2.     STANDARD OF REVIEW FOR MOTION TO DISMISS

Defendant S&H has moved to dismiss this action via Federal Rules 12(b)(7) and 19. According to Federal Rule 19, determining whether dismissal is appropriate for failure to include a particular party requires a two-step analysis, where dismissal is only warranted if the allegedly missing party is both "necessary" under 19(a) and "indispensable" under 19(b). At the outset, it should be noted that the ultimate purpose of this rule is to "to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001).

A party can be deemed "necessary" only to the degree that it is "claim[ing] an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may as a practical matter impair or impede [its] ability to protect that interest." *Salton, Inc. v. Philips Domestic Appliances and Pers. Care B.V.*, 391 F.3d 871, 876-77 (7th Cir. 2004) (quoting Fed.R.Civ.P. 19(a)(2)(I)). Specifically, Rule 19(a) provides that a party be joined if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons

already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.

Fed. R. Civ. P. 19(a).

If the individual or entity is deemed "necessary"[2] according to these criteria, the court must then determine whether "in equity and good conscience the action should not proceed among the parties before the court – that is, should not proceed in the necessary party's absence – but rather should be dismissed." *Id.* at 877 (quoting Fed. R. Civ. P. 19(b)). This question has been commonly referred to as a question of whether the necessary party is "indispensable." *See Darush v. N. Trust Co.*, 1996 WL 99903, *1 (N.D. Ill. Feb. 29, 1996) (citing *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 507 n. 13 (7th Cir.1980); *Krueger v. Cartwright*, 996 F.2d 928, 933 (7th Cir.1993)). Rule 19(b) sets forth four factors to consider in deciding whether an absent party is "indispensable": (1) the extent to which a judgment entered without the absent party might be prejudicial to him or those already parties; (2) the extent to which protective measures might be employed to lessen or avoid the prejudice; (3) whether a judgment rendered in the absence of the party will be adequate; and, (4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. Fed. R. Civ. P. 19(b).

If the missing party in question meets both of these terms as defined, the complaint is to be dismissed. *See* Fed. R. Civ. P. 12(b)(7), 19.

## 3. ANALYSIS

Defendant asks that this action be dismissed on the grounds that Plaintiffs have failed to include necessary or indispensable parties. Namely, Defendant demands that the Indiana

---

[2]The term "necessary" is in fact outdated, as these parties are more accurately referred to as those "to be joined if feasible." *See Davis*, 268 F.3d at 481.

Pension Fund and Teamsters Local 135 be included in this action. Plaintiffs argue that all bases

for the present claims are derived from contractual relations between the named parties and that

no additional parties are therefore necessary for resolution of the dispute.

a.   Nature of the Contractual Relationships

The parties have referenced a multitude of documents, all purporting to effect the

appropriate recipient of ERISA contributions for work done by Teamsters Local 135.[3] However,

the documentation that has been presented to this Court is limited to the following: the 2003

Indiana Teamsters Pension Fund Participation Agreement, Samuels Decl. Ex. B, Larson Decl.

Ex. A; the 2004 Indiana Teamsters Pension Fund Participation Agreement, Pls.' Resp. Ex. 5,

Samuels Decl. Ex. B, Larson Decl. Ex. A; the 2004 Miscellaneous Addendum, Def.'s Mem. Ex.

1 at 1-2, Samuels Decl. A, Barton Decl. Ex. B ("Misc. Addendum"); and the 2004-2009 ICI

CBA, Def.'s Mem., Ex. 1 at 3 et seq.[4] It is not necessary at this stage to determine what the

ultimate enforceability of any of these documents will be, in general or with respect to particular

parties. In any event, such a task would be impossible given the incomplete record. At this

---

[3]Referenced documents include but are not limited to the 1999-2004 ICI CBA, the 2004-2009 ICI CBA, the Pension Fund Trust Agreement, the 2003 and 2004 Indiana Teamsters Pension Fund Participation Agreements, the 2004 Miscellaneous Addendum, and the 2004-2009 Highway Agreement.

[4]This document was submitted as part of a single exhibit along with the Miscellaneous Addendum, and is titled "Highway, Heavy, Railroad and Underground Utility Contracting Agreement." Confusingly, the Memorandum Agreement refers to this attached document as the "Highway Agreement," and references a separate, not-produced CBA "effective from January 1, 2004 to March 31, 2009" that "shall apply to all miscellaneous work." Misc. Addendum ¶ 1. However, the "Highway Agreement" in fact appears to be the "2004-2009 ICI CBA" that allegedly obligates S&H to contribute to the Central States Fund, as it is cited as such in Plaintiffs' response, Pls.' Resp. at 3, and contains the same dates as are found in the Complaint, Comp. ¶ 9. Though not entirely clear, for present purposes this Court will make that assumption.

stage we need only state that, for the reasons listed below, the parties named in the Complaint are sufficient for resolving this dispute.

As the case stands, Plaintiffs claim that S&H owes Central States Fund certain ERISA plan contributions that were pledged in two CBAs and a trust agreement. *See* Compl. ¶ 16 (citing the 1994-2004 ICI CBA, the 2004-2009 ICI CBA, and a "Pension Fund Trust Agreement").[5]  Of these, only the 2004-2009 ICI CBA has been produced.  The crux of Defendant's defense, and the basis for the instant motion, is contained in the Miscellaneous Addendum attached to the front of the 2004-2009 ICI CBA.  This document purports to bind S&H and Teamsters Local 135, and references the 2004-2009 ICI CBA and Highway Agreement to which they were parties. *Id.* at 1.  The Miscellaneous Addendum then proceeds by changing the terms and recipient of pension contributions: "Effective July 19, 2004, [S&H] shall contributed to the [Indiana Teamsters Fund] the sum of $1.70 for each hour worked under the Highway Agreement for the duration of this Addendum for each regular employee...Payments will be made to the [Indiana Teamsters Fund] *in lieu of* the [Central States Fund] contributions called for by the Highway Agreement." *Id.* (emphasis added).

b.    Dismissal is Not Warranted

Defendant is incorrect that Federal Rule 19 provides two avenues for dismissal of an action – quite simply, the rule creates a two-step test for making such a determination, requiring

---

[5]At several points, Defendant rather confusingly states that the Central States Fund fails to claim "that it entered into any contract with S&H that directly obligated S&H to make contributions to Central State." *See, e.g.*, Def.'s Mem. at 2.  This is incorrect.  *See* Compl. ¶¶ 8-10.  Whether or not the obligation can be proven, Plaintiffs allege that S&H "agreed to be bound by the Pension Fund Trust Agreement, which requires S&H to 'make continuing and prompt payments to the [Central States] Fund as required by the applicable collective bargaining agreements.'" *Id.* ¶ 10.

that the third party be necessary and joinder be impracticable before dismissal can be considered. *See Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). Dismissal of the action, as opposed to dismissal of a party, is not discussed in Rule 19 other than under the heading "Determination by Court Whenever Joinder *not Feasible*." *See* Fed. R. Civ. P. 19(b) (emphasis added). Defendant has not argued that joinder is impracticable in this case, a prerequisite for dismissal under 12(b)(7) is therefore lacking, and Defendant's motion to dismiss is DENIED.

Defendant cites language in *Sladek v. Bell Sys. Mgmt. Pension Plan* that seems to suggests that Rule 19 creates a general dismissal right in the case of necessary parties, but that the dismissal is done with prejudice where the party is indispensable. 880 F.2d 972 (7th Cir. 1989). Admittedly, this language seems to suggest a general capacity for dismissal, regardless of the impracticability of joinder. However, such an interpretation flies in the face of the two-step analysis later outlined by the Seventh Circuit in *Davis* and followed in other circuits. *See Davis,* 268 F.3d at 481*; PaineWebber, Inc. v. Cohen*, 276 F.3d 197 (6th Cir. 2001) ("Dismissal should occur only if an indispensable party is not subject to personal jurisdiction or cannot be joined without eliminating the basis for subject matter jurisdiction.") (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-64 (6th Cir.1999)); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 252 (4th Cir. 2000); *Pujol v. Shearson American Exp., Inc.*, 877 F.2d 132 (1st Cir. 1989).

In any event, we need not resolve this discrepancy. Defendant has conceded that the third parties in question – Teamsters Local 135 and the Indiana Pension Fund – are not indispensable. Def.'s Reply at 11 n. 4. As discussed below, they are also not necessary

according to the matter's current posture. Therefore, because the parties in question are neither necessary nor indispensable, there is no possible basis for Rule 19 dismissal.

        c.        <u>Joinder is Not Warranted</u>

Rule 19(a) gives this Court the option and duty to join parties whose interest in the outcome is clear. *See* Fed. R. Civ. P. 19(a) (stating that all such interested parties "shall be joined...[or i]f the person has not been so joined, the court shall order that the person be made a party"). That rule provides two bases for finding that joinder is necessary; (A) if "in that person's absence, the court cannot accord complete relief among existing parties"; or (B) if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id.* Neither of these avenues provides a basis for joinder at this stage.

        i.        *19(a)(1)(A)*

Joinder under Federal Rule 19(a)(1)(A) is not warranted. Plaintiffs seek missing contributions from Defendant under alleged contractual obligations, and finding in their favor would force Defendant to make those delinquent payments, effectively resolving the dispute between the named parties. It is therefore apparent that "complete relief among existing parties" does not demand that either Teamsters Local 135 or the Indiana Teamsters Fund be joined. *See Davis*, 268 F.3d at 484 (defining the term as "relief between the persons already parties, and not as between a party and the absent person whose joinder is sought") (citing *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir.1992)).

While it is possible that the interests of third parties may be implicated by this action, or that Defendant could be opened up to multiple or inconsistent obligations, at this early stage it does not appear that the invalidity of the Miscellaneous Addendum will necessarily follow from these proceedings.

As Defendant points out in its reply, Plaintiffs discuss the enforceability of the Miscellaneous Addendum in their Complaint, seemingly making it a central issue in this case. *See* Compl. ¶ 12 ("The alleged agreements relied upon by S&H that purport to relieve it of the duty to contribute to [Central States]...are unenforceable.  Therefore, S&H is liable to [Central States] for all of its bargaining unit employees.").  Plaintiffs' own language therefore suggests that if the addendum *is* an enforceable contract, S&H is not liable to Central States for the missing contributions.  However, while the Miscellaneous Addendum may negate some contractual obligations under which Plaintiffs brings this suit, it is not at all clear that the converse is true, and that interests in the addendum's validity are implicated by this action.

The set of documents surrounding the Miscellaneous Addendum ostensibly obligates S&H to make contributions to the Indiana Teamsters Fund, "in lieu of [Central States Fund] contributions called for by the Highway Agreement."  Misc. Addendum ¶ 3.  However, it is impossible to agree with Defendant's claim that this language supersedes all other obligations, and that therefore "Central States' claims rise and fall on its ability to invalidate the provisions

_____

[6]Though not essential to resolving the instant motion, it is not clear that the Indiana Trust Fund has claimed an interest in this matter, as required by 19(a)(1)(B); while Defendant has filed a declaration from Michael Lawson as "the consultant" for the fund, it has not been shown that the declarant has the capacity to represent the Fund's interest.  *See* Lawson Decl. ¶ 1.

of S&H's agreement with the Teamsters." Def.'s Mem. at 2. First, it is entirely unclear what the overlap is between the work and span of time referenced in the Miscellaneous Addendum and that for which Plaintiffs seek contributions; the pivotal language in the addendum only shifts contributions "for each hour worked under the Highway Agreement [here read as 2004-2009 ICI CBA] for the duration of this Addendum," 2004 Misc. Addendum ¶ 3, and at least one of the two CBAs under which Plaintiffs have brought this claim rests entirely beyond this referenced scope, Compl. ¶¶ 8-11 (referencing CBA obligations dating to April 1, 1999). Second, though the Miscellaneous Addendum may represent a contract unto itself, it is not at all clear that it can effectuate an alteration of the 2004-2009 ICI CBA to which it is attached, or the 1999-2004 ICI CBA that has not been produced; the addendum was signed by Max Strain on behalf of Teamsters Local 135 and the Indiana Conference of Teamsters (an organization that did not exist at the time, according to Defendant[7]) while the Highway Agreement and the CBAs (according to Plaintiff) preclude modification or amendment absent the signatures of the ICI and Joint Council 69. *See* Pls.' Resp. at 3; 2004-2009 ICI CBA, Art. 2, Sec. 1.[8]

---

[7]Teamsters Local 135 was represented by different parties over time. According to Defendant, the workers were represented by both the Indiana Conference of Teamsters and Joint Council 69 prior to September 1, 2001, and after that time the two groups merged and Joint Council 69 remained as the group's sole representative.

[8]Defendant maintains that the intent of Teamsters Local 135 to be bound by the Miscellaneous Addendum's terms in lieu of the CBA's should be inferred from the fact that Max Strain acted as agent when signing both documents, though he did so as a representative of different entities. While this is compelling as far as intent to enter into the addendum is concerned, Defendant has not adequately addressed the fact that the CBA expressly required that all amendments be authorized by both ICI and Joint Council 69, and that there are therefore distinct questions as to the document's impact on the CBA.

Defendant also argues that because Plaintiffs had some awareness of the Miscellaneous Addendum, they could not reasonably have expected contributions from S&H and therefore were not adversely impacted. Def.'s Reply at 5-7 (citing *Central States, Southeast and Southwest Areas Pension Fund v. Tank Transp., Inc.*, 1993 WL 369331 (N.D. Ill. 1993); *Central States, Southeast and Southwest Areas Pension Fund v. Transp., Inc.*, 991 F.Supp. 1003 (N.D. Ill. 1998)). However, while the cited cases make clear that an employer cannot rely upon undisclosed side agreements, it does not follow that agreements, if disclosed, are to be given full effect in every instance. It is unclear when Plaintiffs were made aware of the documents purportedly shifting contributions, what the scope of that shift should have been, and whether or not it was enforceable against the Central States Fund and its allegedly promised contributions. Again, without additional documentation these issues are generally unclear, but it is clear that the question of whether or not the Miscellaneous Addendum was disclosed is not the only issue before this Court. In addition, Defendant has all but admitted that the Miscellaneous Addendum and related documents were *not* provided to Plaintiff, based on a belief that there was no obligation involving the Central States Fund that might have been impacted. Def.'s Reply at 8 (citing Barton Decl. ¶ 11, Samuels Decl. ¶ 7). It may well be that no such obligation exists, but for present purposes Plaintiffs claims otherwise, and there is insufficient evidence to dismiss that claim outright and reduce the scope of the matter.

At this stage, we must assume that the missing 1999-2004 ICI CBA and Central State Trust Agreement exist,[9] and that they contain some obligations binding on the Defendant.

---

[9]Defendant claims in its reply that this case involves only a single contractual obligation – that contained within the Miscellaneous Addendum. However, additional documents have been alleged, and the existence of the unproduced documents can be inferred from the record.

Though it is much clearer that the Miscellaneous Addendum exists, the relationship between it and the missing documents cannot be determined without a more complete record. Therefore, it would be premature for this Court to claim a one-to-one correlation between the success of Plaintiffs' claim and the illegitimacy of the Miscellaneous Addendum, such that Plaintiffs' claim should be reconfigured. The remedy Plaintiffs seek is the payment of missed contributions to the Central States Fund, based on the enforceability of the CBAs; it is not at all clear that successful recovery on this basis will make S&H's other contributions illegitimate and, even if it does, it is arguable that that dispute is more properly settled between S&H and the Indiana Teamsters Fund.

This case does not revolve around whether or not the Miscellaneous Addendum is enforceable – as Plaintiffs have stated, apparently by mistake – but rather whether or not it is enforceable *against these Plaintiffs*. *Compare* Compl. ¶ 12 ("The alleged agreements relied upon by S&H that purport to relieve it of the duty to contribute to the Pension Fund under the 1999-2004 ICI CBA, the 2004-2009 ICI CBA and the Trust Agreement *are unenforceable*.") (emphasis added) *with* Pls.' Resp. at 4 ("The Miscellaneous Addendum was never approved by the ICI or Joint Council so the Pension Fund maintains that it is *not enforceable vis-a-vis the Pension Fund*.") (citing Compl. ¶ 12) (emphasis added). It is relatively clear that the question will to some extent involve the applicability of the Miscellaneous Addendum, which purports to shift relevant ERISA contributions away from the Central States Fund and toward the Indiana Teamsters Fund, but less clear that these proceedings would impact the addendum's validity. The Seventh Circuit's language in *Davis* is relevant on this point: "[W]hile it is true that a contracting party is the paradigm of an indispensable party, when a person is not a party to the

-12-

contract in litigation and has no rights or obligations under that contract, even though the absent

party may be obligated to abide by the result of the pending action by another contract that is not

at issue, the absentee will not be regarded as an indispensable party in a suit to determine

obligations under the disputed contract." *Davis Companies,* 268 F.3d at 484. (quoting *United*

*States ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 478 (7th Cir.1996); 7 Charles Alan

Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure Civil 3d, § 1613

at 197 (2001)).

     As the case now stands, according to the posture in which Plaintiffs have placed it, and

taking unopposed facts as they are alleged by Plaintiffs, this Complaint seeks enforcement of

instruments that may or may not be valid.  The implications of resolving this issue, on S&H's

other contractual relationships or financial standing, are not before this Court.  For these reasons,

this Court finds that the third parties in question are not necessary at this time, and joinder is

unwarranted.

## CONCLUSION

     For the reasons stated above, Defendant's motion to dismiss is DENIED.

                       Enter:

                       /s/ David H. Coar

                      _____

                       David H. Coar
                       United States District Judge

Dated: **January 16, 2008**